UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Addy, #314573, | ) C/A No.: 9:13-1376-JFA-BM |
|               Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Mr. John E. Pate, Warden, | ) |
|               Defendants. | ) |

This action has been filed by the Petitioner, *pro se*, pursuant to 28 U.S.C. § 2254. Petitioner, an inmate with the South Carolina Department of Corrections (SCDC), appears to allege he is being held beyond his term.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the petition "lacks an arguable basis in either law or in fact." Denton v. Hernandez, 504 U.S.



1

at 31. Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989). Additionally, although this court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

While Petitioner's allegations are far from clear, he states he was convicted in the year 2012, and "they add[ed] another charge from 2011 to be run concurrent with the ... 2012 [sentence] which [resulted in a] 3 year[ ][sentence]." He further alleges he was told he would be released in eighteen (18) months. Petitioner alleges that if he subtracts his "jail time," he should have been released "around September 2012." Petitioner apparently had a plea agreement, and he claims "they are forgetting about what the Judge[]s said."

The relief Petitioner is seeking is exclusively available in a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("When a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see generally, Wilkinson v. Dotson, 544 U.S. 74, 78-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Accordingly, in addition to the requirement of administrative exhaustion under 42 U.S.C. § 1997e, habeas review also requires exhaustion of state *court* remedies. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91

(1973); Picard v. Connor, 404 U.S. 270 (1971).

The § 2254 exhaustion requirement is satisfied by seeking review of the claim in the highest state court with appellate jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(state prisoners must give the state courts one full opportunity to resolve any constitutional issues *by invoking one complete round of the state's established appellate review process* before filing a habeas petition).[1] In South Carolina, the state Supreme Court has explicitly held that, as far as federal habeas corpus review of state *criminal* convictions is concerned, the discretionary review by the South Carolina Supreme Court of Court of Appeals cases referenced in the South Carolina Appellate Court Rules ("SCACR") 226 falls "outside of South Carolina's 'ordinary appellate procedure'" and that invocation of this review is not required to exhaust state court remedies for § 2254 purposes. State v. McKennedy, 348 S.C. 270, 550 S.E.2d 850 (2002) (quoting O'Sullivan); see In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 471 S.E.2d 454 (1990).

In keeping with existing state law, insofar as federal habeas corpus review of a

---

[1] Since O'Sullivan was decided, several federal courts have held that states may place an otherwise "available" state court remedy such as a final discretionary review by the state's highest court "outside the standard review procedures" but only if they do so by explicit rule, order, or opinion. Compare, Mattis v. Vaughn, 128 F. Supp. 2d 249, (E.D. Pa. 2001)(Pennsylvania; Supreme Court administrative order sufficiently placed otherwise "available" discretionary appeal "outside of the standard review procedures" in the criminal cases to exercise docket control and decline comity extended to it by federal law), *aff'd*, 80 F. App'x 154 (3d Cir. 2003), *cert. denied*, 540 U.S. 1223 (2004); Adams v. Holland, 330 F.3d 398 (6th Cir. 2003)(same; court rule in Tennessee), *cert. denied*, 541 U.S. 956 (2004); Randolph v. Kemma, 276 F.3d 401, 404 (8th Cir. 2002)(same; Missouri court rule); Crowell v. Knowles, 483 F. Supp. 2d 925 (D. Ariz. 2007)(same; Arizona court opinion) with Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999)(discretionary appeal to Supreme Court was available state court remedy with had to be exhausted); and Hicks v. Wilson, No. 4:04CV84LS, 2006 WL 2372255 (S.D. Miss. June 13, 2006) (in absence of explicit removal of discretionary appeal from "standard review process," prisoner must apply for such review).

3

sentence computation is concerned, a prison inmate must pursue Step 1 and Step 2 SCDC grievances following the administrative decision, and must then appeal any denial of his Step 2 SCDC grievance to the state Administrative Law Court (ALC) pursuant to SCAPA. *See* S.C. Code Ann. § 1-23-380; SCACR 203(b)(6)(appeal of administrative decisions). If the inmate is unsatisfied at the ALC level, he must pursue further judicial review by way of an appeal to the South Carolina Court of Appeals, S.C. Code Ann. § 1-23-610(B)(judicial review of ALC decisions involving single director agencies such as SCDC go to Court of Appeals).

Petitioner acknowledges in his Petition that he has not pursued this matter through the SCDC/state court review and appeal process. See Petition. Since Plaintiff has not filed a petition for writ of habeas corpus which establishes he has followed the procedures for fully exhausting his state remedies before challenging his sentence computation, his Petition is subject to summary dismissal.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Petition in the above-captioned case *without prejudice* and without issuance and service of process.

_____
Bristow Marchant
United States Magistrate Judge

July 22, 2013
Charleston, South Carolina



*__The plaintiff's attention is directed to the important notice on the next page.__*

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume , Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



5