## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry Addy, | ) | C/A No.   9:13-1376-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Mr. John E. Pate, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Jerry Addy, brings this action pursuant to 28 U.S.C. § 2254.  He is an inmate with the South Carolina Department of Corrections and alleges that he is being held beyond his term of imprisonment.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he opines the petition is subject to summary dismissal because the petitioner has not exhausted his administrative remedies.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and

---

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

1

Recommendation and he has done so after being given an extension of time. However, in his objection response, petitioner merely states that his records show the amount of time he was sentenced to and that he "wants them to pay for there [sic] mistake." In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The petitioner has acknowledged in his petition that he has not pursued this matter through the SCDC/state court review and appeal process to challenge his sentence computation. Thus, the Magistrate Judge properly opines that the petitioner has not met the exhaustion requirement under § 2254. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

After a careful review of the record, the applicable law, and Report and Recommendation, the court adopts the Magistrate Judge's recommendation and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 9, 2013
Columbia, South Carolina